CASES IN THE SUPERIOR COURT

*TERRITORY* vs. *BARRAN.*

The apparent indorser of a note, admitted to prove the forgery of his name.

INDICTMENT for forgery. Bellechasse, whose signature, as the first endorser of a note, was charged to have been forged, was offered as a witness on the part of the territory. He was asked whether he had a release from the subsequent endorser, and answered in the negative.

*Livingston* and *Moreau* for the defendant. He cannot be sworn. It is provided by the 33d section of the act of 1805, chap. 50, that the rules of evidence in criminal cases, shall be according to the common law.

A person whose property may be affected by a forgery, is no evidence to prove it upon an indictment. 2. *Hawkins's P. C.* 611.

WHEN a man is indicted for forgery, the party, whose hand is said to be forged, shall not be admitted to prove the fact. For his hand apparently against him is evidence (until the contrary be proved) of an obligation ; and, therefore, he shall not be permitted in the indictments, to make proof, while he has an interest in the question (the supposed obligation standing in apparent force against him) that it was not his hand. *Loft's Gilbert* 222, *Buller's N. P.* 288. 1. *Mc Nally* 141.

THE authorities which support this principle are numerous. The British precedents are also supported by American decisions.

IN the case of *the King* vs. *Russel*, the court
held that *Gately*, the person whose name was stated to be forged, was an incompetent witness to
prove that fact. 1 *Leach C. C.* 10. In that of *the King* vs. *Taylor*, it was determined that the drawer of a bill was not a competent witness to prove that a receipt, endorsed for the value of it, was a forgery. *id.* 225. In the case of *the King* vs. *Boston*, Lord *Ellenborough* said : a prosecutor shall not be allowed to say that a bond purporting to be made by him, was forged. 4 *East*, 582.

THE exceptions, which occur in the books, prove the correctness of the principle. *Dr. Dodd*, having forged a bond, in the name of Lord *Chesterfield*, that nobleman was allowed to prove the forgery, a release having been executed, by the apparent obligees. 1 *Leach C. C.* 185. In the case of *the King* vs. *Akehurst*, the supposed drawer of a note, holding a release from the payor, was admitted as a witness. *id.* 178.

THE courts of the states of New-York, Vermont and Connecticut, haved acted upon this principle.

C. J. *Kent*, in the case of *the People* vs. *Howell*, expressed himself thus : the ancient rule in England that a witness, whose name was forged, was incompetent to prove the forgery on an indictment, because he was interested in the question, still prevails in this court ; and it was adopted in 1794. The grounds and reasons of

DD

Spring 1811.
First District.

TERRITORY
vs.
BARRAN.

that decision are not before the public, and we, therefore, do not known them. It is probable, that the court assumed the English principle, as they found it then existing : but since that time, the question of interest in a witness, has been investigated and defined with more precision, both in England and in this state. The rule now in all such cases, and I believe, I may say in all criminal cases, except in the case of a forged instrument, is that a witness is to be received, if he be not interested, in the event of the suit, so that the verdict could be given in evidence, in an action to which he was a party. 4 *Johnson* 302.

In the case of the *State* vs. *Bunson,* the supreme court of the state of Connecticut held, that the person, whose name was forged, could not be allowed to prove the forgery. 1 *Root* 307. The same decision was made by the same court, in that of *the State* vs. *Blodget. id.* 354.

And in the state of Vermont, in the case of *the State* vs. *A. W.* 1 *Tyler.* 261.

*J. R. Grymes* and *Derbigny*, for the territory. In ascertaining what was the principle of the common law, we are not give implicit faith to the crude and undigested ideas of the first law writers, but avail ourselves of the learning and industry of modern ones, and this court is to declare the law, in the same manner as a British court of justice would at this day, unshackled

and unbiassed by any statutory provision, or any decision grounded on a statute.

SPRING 1811.
First District.

TERRITORY
vs.
BARRAN.

ALL the decisions which have just now been quoted, are since the statute of 5 Elizabeth. This statute has wrought a considerable difference in the admission of testimony, in cases of forgery, and an examination of the authorities, relied upon by the defendant, will show, that we have not sufficient materials to enable us to discover, that the difference which now exists, in the courts of England, in cases of forgery, is bottomed on the principles of the common law.

*Hawkins* is first relied upon. This writer does not speak decisively, in the part of his work which is quoted. His expressions are, *I take it to be generally agreed &c.* and he concludes, by informing us that the rules of evidence concerning this matter seem not to be clearly settled. 2 *Hawkins* 611. and Lord *Ellenborough*, in the case cited, recognising the position, as established too firmly to allow any deviation from it, without the authority of parliament, owns his inability to discover upon what principles the anomalous exception from the general rule, in cases of forgery, is grounded. 4 *East*, 582.

THE principle, that a person whose property may be affected, shall not be admitted to prove the fact from which the injury arises, upon an indictment, is far from being universal : and the books are full of cases in which a person, to whose damage, an indictment concludes, has

SPRING 1811.
First District.

TERRITORY
*vs.*
BARRAN.

been allowed and admitted an evidence, and his credit left to the jury.

In *Parris's* case, an information being brought against him, for that he, *fraudulenter & deceptive*, procured one Ann Wigmore, to give a warrant to confess judgment, and she being brought forward to prove the cheat, it was debated whether she might be admitted ; for if he was convicted, the court would set the judgment aside : nevertheless she was sworn. 1 *Ventris*, 49.

A person beaten, and generally any other person to whose damage a criminal information concludes, is a good evidence to prove the battery or other misdemeanor, notwithstanding he may have an action. 2. *Hawk*. 611.

LORD Holt, in *Regina* vs. *Macartney & al.* admitted a person who had been cheated to prove the fact on the indictment. 1 *Salkeld*, 2:6. 6 *Mod*. 391. 2 *Ld. Ray*. 1179.

IF a woman give a bond or note to a man to procure her the love of J. I. by some spell or charm, in an indictment for the cheat, tho' it tend to avoid the note, yet she shall be a witness. *Per Holt. C. J. Regina* vs. *Sewell*, 7 *Mod*. 119.

THE proprietor of a note was admitted to prove the tearing of it by the maker, on an indictment. *King* vs. *Moyse*, 1 *Strange*, 595.

SIR William Lee allowed a party, supposed to be defrauded to be witness on an indicment for perjury. 2 *Strange*, 229. *Rex* vs. *Broughton*.

In *Abrahams qui tam* vs. *Bunn*, Lord Mansfield held that the borrower of money, was a competent witness to prove both the usurious contract and the payment of the money. 4 *Burr.* 2251.

Having established that the admission of Bellechasse is not contrary to the general principle ; it remains to shew that the particular exception, which is said to prevail in Great Britain in cases of forgery, is not absolutely recognised in the American courts.

In the case of Hutchinson, the Superior Court of the state of Massachusetts said, that although they believed it to be now settled in England that the person, whose name is said to be forged, is not a competent witness to prove the forgery, yet the practice had been for a long time, otherwise, in that state. *Mass. R.* 8.

In the case of one Keating, tried in Pennsylvania, Meng, the person whose hand was stated to be forged to a note, was admitted to prove the forgery. *C. J. M'Kean*, citing several cases in which it had been thus determined. 1 *Dallas*, 110.

In Ross's case, in the same court, Heister, the apparent maker of the note stated to be forged, was allowed to prove the forgery. The Chief Justice saying : I admit that early in life I entertained a different opinion on this point : conceiving then, that the weight of adjudged cases was adverse to the competency of the witness, tho' I thought it hard that the law should be so. My

SPRING 1811.
First District.

TERRITORY
vs.
BARRAN.

opinion has been changed by the modern authorities, which give an evident preponderance to the opposite scale. In general, the judges of late have been inclined to a more liberal admission of testimony, applying exceptions rather to the credit than to the competency of witnesses,—Every principle of policy must enforce the necessity of allowing the person whose name is said to be forged to give evidence of the fact. 2 *Dallas,* 240.

*By the Court.* The general principle of the common law, in regard to the inadmissibility of a witness on account of interest in the event of the suit, is now clearly understood. It is confined to such cases in which the verdict may be given in evidence in a suit brought for or against the witness. In other cases, the objection is said to go to his credibility only. In this manner, is the law now understood in England and the United States.

IT cannot, however, be denied, that in indictments for forgery, a different rule prevails in the former, and in some of the latter, country. One which forms a wide exception. In some of these states, in which the proceedings are according to the common law, however, the exception does not seem to have been received.

IN examining the cases cited and those to which we are able to have acess, it does not appear that the exception was admitted before the reign of Elizabeth, in the fifth year of which was passed

the statute, on which most indictments for for-
gery are brought; and British writers seem to
admit that the exception is, at least in a conside-
rable degree, bottomed on some of the provisions
of that statute.

The exception cannot be traced to the com-
mon law.  Cases for forgery, in which the person
whose hand was charged to be forged, might be
brought to disprove it, must have been very rare.
Three kinds of instruments only were the subject
of forgery : records, wills, and deeds.  The for-
mer depended on the evidence of uninterested
persons generally.  In the case of a will, the testa-
tor could not be offered to prove the instrument.
The efficacy of deeds depended on the *sealing* and
*delivery*, not on the signature of the grantor.  In-
deed, they were not, it is believed, signed by him.

The general rule is certainly binding upon the
court, in all cases in which the exception has not
the same force.  According to it the witness is not
to be rejected, and his credibility is to be weigh-
ed by the jury.

The exception is bottomed on decisions, all of
which appear made since the statute of Eliza-
beth.  It does not appear that it existed at com-
mon law.  The courts of Pennsylvania and Massa-
chusetts, who were not authorised to reject it by
statute, support us in saying so.

#### WITNESS SWORN.

The defendant's counsel offered a witness to
prove that the defendant had himself given in-

SPRING 1811.
First District.

TERRITORY
vs.
McFARLANE.

formation of the forgery to a justice of the peace, in order that a prosecution might be instituted : but the court, after hearing argument, declared the testimony inadmissible saying ; a man could not fabricate evidence for himself.

THE jury not agreing on a verdict, a mistrial took place by consent, and the governor ordered a *nolle prosequi* to be entered.